IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| TITANA JENNINGS, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| TURANO GEORGIA BREAD, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Titana Jennings, by and through undersigned counsel, and files this Complaint for Damages against Defendant Georgia Bread, LLC ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").  The EEOC issued a "Notice of Right to Sue," entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff began working for Defendant, on or about November 21, 2020, as a driver.

9.

Plaintiff suffers from disabilities, of which Defendant had actual knowledge at all times relevant. In particular, Plaintiff suffers from disabling back and spine conditions.

10.

On or about mid-October 2021, Plaintiff discussed the need to take a finite and short amount of leave for her disability with Defendant's Human Resources Department.

11.

On or about October 27, 2021, Plaintiff discussed the need to miss work for her doctor's appointment related to her disability with her supervisor, Mike

Robinson. Plaintiff specifically explained her health issues to Mr. Robinson and he told Plaintiff he would discuss the situation with the production manager, George.

12.

On or about October 28, Mr. Robinson informed Plaintiff that George wanted to terminate Plaintiff because she was, according to George, a liability due to her health issues. Plaintiff was then suspended.

13.

On or about November 8th, Plaintiff was terminated.

14.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's disabilities or percevied disabilities, and retaliation for Plaintiff engaging in protected activity.

15.

Plaintiff was able to perform the essential job functions of the job for which she was hired, with or without a reasonable accommodation.

16.

Defendant terminated Plaintiff because of her disabilities or perceived disabilities and/or need for an accommodation.

4

17.

In terminating Plaintiff's employment and failing to provide her with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of her disabilities.

18.

Plaintiff has suffered damages, including lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)

19.

Plaintiff repeats and re-alleges paragraphs 7-16 as if set forth fully herein.

20.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

21.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

22.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

23.

At all times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

24.

Plaintiff's disabilities or perceived disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

25.

At all times relevant, Plaintiff could perform the essential functions of her position, with or without a reasonable accommodation.

26.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

27.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

29.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

30.

Plaintiff is entitled to compensatory and punitive damages.

## COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")  (RETALIATION)

31.

Plaintiff repeats and re-alleges paragraphs 7-16 as if set forth fully herein.

32.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing

disability discrimination and requesting a reasonable accommodation for a disability.

33.

Plaintiff engaged in protected activity by notifying the Defendant of her disabilities and seeking reasonable accommodations.

34.

Defendant subjected Plaintiff to adverse employment action by terminating her employment after she sought reasonable accommodations.

35.

There is a causal connection between Plaintiff's disabilities and subsequent request for reasonable accommodations and Defendant's decision to terminate her employment as a result.

36.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

37.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

38.

Defendant intentionally retaliated against Plaintiff and not only deprived Plaintiff of equal employment opportunities, but also exhibited malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 10th day of May, 2022.

                                          **BARRETT & FARAHANY**

                                          *s/ V. Severin Roberts*
                                          V. Severin Roberts
                                          Georgia Bar No. 940504
                                          *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com